IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TANYA A. GEISLER,

        Plaintiff,

v.

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:14-cv-01741-CL

OPINION AND ORDER

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Tanya A. Geisler ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DBI") under Title II and for Supplement Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is not supported by substantial evidence, this

Page 1 - OPINION and ORDER

matter is **REVERSED** and **REMANDED** for the calculation and award of benefits, pursuant to Sentence Four, 42 U.S.C. § 405(g), and the Commissioner's Motion for Remand for Additional Administrative Proceedings (# 24) is **DENIED.**

## BACKGROUND

Plaintiff was 23 years old on the January 1, 2006 alleged onset date of disability. Tr. 19, 188. She completed 12th grade with special education classes. Tr. 43, 223. She has past relevant work as a motel/hotel housekeeper. Tr. 29, 71.

Plaintiff protectively filed an application for disability insurance on June 23, 2010, alleging disability since January 1, 2006, due to "depression, PTSD, earning disabled." Tr. 222. The Commissioner denied her applications initially and upon reconsideration. Tr. 134-37, 139-42, 145-51. At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on April 5, 2013. Tr. 37-81. On June 27, 2013, the ALJ found Plaintiff not disabled. Tr. 16-29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision Tr. 1-6. Plaintiff now seeks judicial review of that decision.

The Commissioner concedes the ALJ erred: (1) in considering Plaintiff's subjective complaints; (2) in considering the opinions of examining psychologists James A. Ewell, Ph.D., and Judith Eckstein, Ph.D.; and (3) in finding Plaintiff able to perform her past relevant work as a motel/hotel housekeeper. Defendant's Brief, p. 4. The Commissioner moves (# 24) to remand this matter for further administrative proceedings. Plaintiff contends remand for the calculation and payment of benefits is appropriate.

## REMAND

Page 2 - OPINION and ORDER

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010). See also, *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1100-1101 (th Cir. 2014).

I. **James A. Ewell, Ph.D.**

Page 3 - OPINION and ORDER

In January 2010 Dr. Ewell conducted a comprehensive psychological evaluation of Plaintiff. Tr. 623-36. Dr. Ewell was retained by the Department of Human Services, Child Welfare Program, to evaluate Plaintiff. In addition to a clinical interview, Plaintiff completed the Wechsler Adult Intelligence Scale-Third Edition, and the Minnesota Multiphasic Personality Inventory-2. Dr. Ewell, reviewed additional background data, and believed the test results valid. Tr. 625.

Dr. Ewell found Plaintiff's "abstracting abilities, general fund of information, and style of communication" were below age-related cognitive boundaries. *Id.* Intellectual testing confirmed Plaintiff's IQ scores feel within the range of Mild Mental Retardation to Borderline Intellectual Functioning. She exhibited "significant deficits in areas related to social judgment and interpersonal problem-solving." *Ibid.*

Dr. Ewell observed a flattened affect, and Plaintiff acknowledged mood disturbance including lethargy, lack of interest in pleasurable activities, social isolation, and history of suicidal ideation. Plaintiff experience auditory hallucinations, and Dr. Ewell diagnosed Major Depressive Disorder, with Psychotic Features; PTSD, Avoidant Personality Disorder and Methamphetamine/Cannabis Dependence. Tr. 629. Plaintiff's Verbal IQ score of 66 fell within the range of Mild Mental Retardation. Her Performance Intelligence Quotient of 77 was within Borderline Intellectual Functioning, and her Full Scale IQ of 68 was with Mild Mental Retardation range. Tr. 630. He assessed a GAF of 47.

On the MMPI-2 Plaintiff's scores indicated severe depression and psychotic symptomatology, paranoia, severe social anxiety, and introversion. Tr. 631. Dr. Ewell noted reports from DHS indicated Plaintiff and her husband had been able to meet the basic daily needs of their children "despite her nearly debilitating condition." Tr. 632. Dr. Ewell stated it "is

reasonable to conclude that most individuals in [Plaintiff's] condition would not be capable of minimally adequate parenting," and recommended mental health and substance abuse treatment, as well as continued agency monitoring of Plaintiff's children. Tr. 633.

Dr. Ewell completed a Mental Residual Function Capacity Report in which he indicated Plaintiff was markedly limited in the ability to remember instructions and work-like procedures; the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to sustain an ordinary routine without special supervision; the ability to complete a normal work day or work week without interruption from psychologically based symptoms; the ability to accept criticism and instruction from supervisors; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Tr. 634-36.

## II. Judith Eckstein, Ph.D.

Dr. Eckstein examined Plaintiff in March 2013. Tr. 927-32. Plaintiff had regained custody of her children the previous month, and they were living in transitional clean and sober housing. Tr. 928. Plaintiff had been clean and sober for 17 months, participating in group and individual treatment. Dr. Eckstein noted Plaintiff's fund of information was "fairly weak." Tr. 930. Testing indicated "difficulty with immediate and short term memory." *Id.* Dr. Eckstein opined Plaintiff would have difficulty managing money. Plaintiff's responses indicated limited abstract reasoning ability. Tr. 931. Dr. Eckstein stated Plaintiff "appears to be functioning well below average in terms of her overall cognitive skills with a discrete mathematical disability along with limited concentration and short term memory. *Id.* Dr. Eckstein reviewed a 2007 intellectual assessment, the reports of Drs. Ewell and Kaplar, and Douglas County Mental Health records. She diagnosed

Page 5 - OPINION and ORDER

Major Depression, recurrent, severe; Anxiety Disorder NOS with agoraphobia tendencies, panic attacks, and social anxiety features; Amphetamine Dependence in remission; Mild Mental Retardation versus Borderline Intellectual Functioning; and Personality Disorder NOS with paranoid, obsessive compulsive and antisocial features. Tr. 932. She assigned a GAF of 47.

Dr. Eckstein completed a Mental Residual Functioning Capacity form in which she opined Plaintiff was markedly limited in the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to sustain an ordinary routine without special supervision; the ability to work in coordination with or proximity to others without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and the ability to accept instructions and respond appropriately to criticism from supervisors. Tr. 933-34.

**III. The Vocational Expert**

The ALJ asked the VE to consider a hypothetical person who can lift 20 pounds occasionally and ten pounds frequently, stand and/or walk six hours and sit for six hours in an eight hour day with normal breaks, can understand, remember and carry out simple instructions that can be learned in 30 days or less, with only occasional incidental public contact and no work directly with the public, and can work with or near five or few coworkers, but should not be required to do any type of record keeping other than a simple check list or a task requiring mathematical skills. Tr. 71-72. The VE

testified that these limitations would not preclude Plaintiff's past relevant work as a housekeeper.

The VE testified that an employer will usually tolerate no more than one absence a month. Tr. 75-76. A person unable to respond appropriately to criticism from supervisors or who required special supervision would be unable to maintain employment. Tr. 76. If a person lacked the ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness that would affect the ability to maintain the job. Tr. 77. It would be unacceptable if a person lacked the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

## DISCUSSION

The Commissioner contends remand for further administrative proceedings is the appropriate remedy because there are conflicts in the evidence. The Commissioner notes Drs. Ewell and Eckstein did not agree in all areas in the ratings of Plaintiff's mental limitations. Dr. Eckstein found Plaintiff "not significantly limited" in several mental abilities, but Dr. Ewell did not find Plaintiff "not significantly limited" in any area of mental ability. Tr. 635-36.

However, both examining psychologists found Plaintiff "markedly" limited in her ability to maintain attention and concentration for extended periods of time; to sustain an ordinary routine without special supervision; to accept instruction and respond appropriately to criticism; and to complete a normal workday and workweek without interruption from psychologically based symptoms and perform at a consistent pace without an unreasonable number of rest periods. Tr. 636, 934. Both psychologists assessed a GAF of 47. Tr. 632, 933.

These opinions are consistent with the June 2006 assessment of Barbara Stoner, M.S., a Learning Disability Specialist. Tr. 389-97. Ms. Stoner administered the WAIS_II and Scholastic

Abilities Test for Adults, and concluded Plaintiff had "overall borderline cognitive functioning." Tr. 395. Ms. Stoner found Plaintiff qualified for accommodations in the workplace. Tr. 396.

The opinions of Drs. Ewell and Eckstein are consistent with the December 2011 examination of Patricia Montoya, Psy. D., who administered intelligence testing which revealed a full-scale IQ of 69, a verbal score of 73, and perceptual reasoning of 69. Tr. 872-73.

The ALJ relied, erroneously as conceded by the Commissioner, on the April 2012 examination by Scott Kaper, Ph.D. Tr. 821-29. Dr. Kaper reviewed some records from Douglas County Mental Health, but he did not have the benefit of the three prior intelligence tests.

The Commissioner argues that Plaintiff stated she was able to get along with authority figures and work cooperatively with co-workers, in contrast to the opinions of Drs. Ewell and Eckstein that she was "markedly" limited in her ability to accept instructions and respond appropriately to supervisors. Plaintiff reported she got along "ok" with authority figures, and had not been fired because she could not get along with others. Tr. 242. The Commissioner notes Plaintiff's testimony that she was able to work in cooperative efforts with others while an inmate, but she also said she got more help than she gave. Tr. 60 The Commissioner points to Plaintiff's report to Dr. Kaper that she did not like to be around others, but managed to do so with some effort. Tr. 825. Plaintiff also told Dr. Kaper her social network was limited to her family, and her work experience in housekeeping included "little interaction with others." *Id.* Dr. Kaper stated that Plaintiff's persistent depressive symptoms and general demeanor would "likely interfere with her interactions with the general public, and defense of isolating herself would likely aggravate her relations w[ith] co-workers." Tr. 828.

The Commissioner argues that a July 2010 mental health assessment from counselor Jerome Webb, M.S., casts doubt on whether Plaintiff is disabled. Tr. 766-776. Mr. Webb found Plaintiff's judgment and insight were within normal limits, her activities of daily living and community negotiating skills were intact, and her prognosis was fair. Tr. 769, 775, 776. Mr. Webb also noted Plaintiff had "poverty of thought," impaired retention/immediate recall, and short term memory. Tr. 767.

The ALJ's rejection of Drs. Ewell and Epstein's opinions is erroneous for the reasons set out above and as conceded by the Commissioner. The Vocational Expert testified that, if those opinions are credited, Plaintiff would be unable to maintain employment. Tr. 75-77.

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this matter is **REMANDED** for the calculation and payment of benefits pursuant to Sentence Four, 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Dated this 5 day of January, 2016.

Mark D. Clarke
United States Magistrate Judge